IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MATTIE N. TAYLOR,                    :

    Plaintiff,                   :

vs.                                  :
                                              CIVIL ACTION 05-301-CG-M
JO ANNE B. BARNHART,                 :
Commissioner of
Social Security,                     :

    Defendant.                   :

REPORT AND RECOMMENDATION

    In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits. The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on December 7, 2005. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Mattie N. Taylor.

    This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233,

1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born August 2, 1947.  At the time of the administrative hearing, Taylor was fifty-five years old, had completed a high school education (Tr. 175), and had previous work experience as a sewing machine operator (Tr. 175).  In claiming benefits, Plaintiff alleges disability due to carpal tunnel syndrome (Doc. 8).

The Plaintiff filed a protective application for disability insurance benefits on September 25, 2002 (Tr. 54-57).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Taylor could perform her past relevant work as a sewing machine operator (Tr. 10-32).  Plaintiff requested review of the hearing decision (Tr. 8-9) by the Appeals Council, but it was denied (Tr. 5-7).

Plaintiff claims that the opinion of the ALJ is not

supported by substantial evidence.  Specifically, Taylor alleges that the ALJ did not properly consider the requirements of her past relevant work as required under Social Security Ruling 82-62  (Doc. 8).  Defendant has responded to—and denies—these claims (Doc. 11).

Plaintiff has directed this Court's attention to Social Security Ruling 82-62 which states that the ALJ, in finding that a claimant can perform past relevant work, must make a specific "finding of fact as to the physical and mental demands of the past job/occupation."  Social Security Ruling 82-62 (1982 WL 31386, *4 (S.S.A.)).  In discussing the nature of this finding of fact, the Ruling states the following:

> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate.  This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.  In addition, for a claim involving a mental/ emotional impairment, care must be taken to obtain a

>      precise description of the particular job
>      duties which are likely to produce tension
>      and anxiety, *e.g.*, speed, precision,
>      complexity of tasks, independent judgments,
>      working with other people, etc., in order
>      to determine if the claimant's mental
>      impairment is compatible with the
>      performance of such work.  Persons with
>      physical impairments (*e.g.*, cardiovascular
>      or gastrointestinal disorders) may have
>      performed stressful tasks.  This may also
>      require a decision as to whether the
>      impairment is compatible with the
>      performance of such work.  If more than one
>      job was performed during the 15-year
>      period, separate descriptions of each job
>      will be secured.

Social Security Ruling 82-62 (1982 WL 31386, *3 (S.S.A.)).

The Court notes that the ALJ specifically discussed the treatment of Taylor's hands and her carpal tunnel syndrome and noted that no credible doctor[1] had indicated that Plaintiff was unable to work (Tr. 26-28); Taylor has not challenged this finding.  The ALJ then discussed Plaintiff's activities of daily living and found her testimony not credible with regard to her pain and her limitations while noting that she has a history of prevarication (Tr. 28-29);[2] Taylor has not

---

[1] The ALJ rejected the opinion of family practitioner Dr. Stanley Barnes who had indicated that Taylor was totally, medically disabled (Tr. 23, 168).

[2] The Court, like the ALJ, is troubled by Taylor's assertion, on an unemployment compensation application, that she was not disabled and was available to work full-time (Tr. 111).  Plaintiff later received unemployment benefits for a period of approximately nine months for which she now seeks disability benefits (Tr. 182-83).

challenged these findings. Finally, the ALJ found that Taylor had the residual functional capacity to perform her past work as a sewing machine operator (Tr. 29-30).

In making his decision that Taylor could do her past work, the ALJ specifically referenced a social security form completed by Plaintiff which detailed her work as a seamstress (Tr. 30). the form stated that Taylor sat at a sewing machine for eight hours a day and sewed seams of bras together and attached binding (Tr. 70). Plaintiff indicated on that form that although she frequently lifted up to ten pounds, it was the heaviest weight she lifted; the job required no walking, standing, climbing, stooping, kneeling, crouching, or crawling (*id.*). The ALJ also referenced "a description of this occupation as generally performed in the nationally economy" (Tr. 30); the exhibit described the work as follows:

> Operates sewing machine to join, reinforce, or decorate parts of household articles, such as bedspreads, curtains, drapes, bed linens, mopheads and quilts:  Guides parts under machine need to sew stiffening material to tops of drapery panels, or elastic to fitted articles, or to stitch ruffles to curtains and chair pads, or to sew tape, fringe, or welt to seams or edges of articles to decorate or reinforce them. May oil machine, change needles, and secure modifying attachments to machine.

(Tr. 97). The *Dictionary of Occupational Titles* description

also stated that the work was light (*id.*).

The Court finds that the ALJ has satisfied the requirements of Ruling 82-62 and 20 C.F.R. 404.1520(e).[3]  The ALJ has stated the particular evidence on which he relied to find that Taylor could perform her past relevant work.  The Court has seen nothing suggesting that his reliance was misplaced; more to the point, the Court finds that the ALJ has described the duties and responsibilities of that past work as required under Social Security Ruling 82-62.  Plaintiff's claim otherwise is without merit.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Mattie N. Taylor.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

---

[3] "If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past."

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial

7

determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 7th day of December, 2005.

                                                                s/BERT W. MILLING, JR.
                                                              UNITED STATES MAGISTRATE JUDGE